**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X

**ULBIS D. RIVERA o/b/o Adam DeJesus,**　　　　　　　　　05 CV 4465 (NG)

　　　　　　　**Plaintiff,**

　　-against-　　　　　　　　　　　　　　　　　　　　**OPINION AND ORDER**

**COMMISSIONER OF SOCIAL SECURITY,**

　　　　　　　**Defendant.**
---------------------------------------------------------X
**GERSHON, United States District Judge:**

On September 15, 2005, plaintiff Ulbis D. Rivera filed a *pro se* complaint on behalf of her minor child, Adam DeJesus, claiming that the Commissioner of Social Security ("Commissioner") had erroneously denied Adam disability benefits to which he was entitled. This court appointed counsel to represent plaintiff. On April 21, 2008, after considering both parties' motions for judgment on the pleadings, the Court granted plaintiff's motion and remanded the case to the Commissioner solely for the calculation and payment of benefits. According to plaintiff's counsel, Adam stands to receive approximately $660.00 per month in current benefits (at the 2008 rate) and retroactive benefits of more than $48,000.

By motion dated July 3, 2008, plaintiff's counsel applied to the court for an attorneys' fees award of $12,371.60,[1] representing 76.1 hours of billable work and $27.00 in costs, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The EAJA requires a court to award

---

[1] Plaintiff originally requested an award of $12, 810.35, inclusive of costs. The Commissioner, in his opposition, contended that plaintiff's counsel had billed certain clerical tasks at the attorney rate. Based on this concern, plaintiff's counsel reduced the fee amount sought by $438.75 to $12,371.60, reflecting a paralegal rate of $75.00 per hour for time expended on administrative tasks.

fees and costs to the prevailing party in an action against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A). Reviewing courts can reduce the amount of a requested award if the request is unreasonable, 28 U.S.C. § 2412(d)(2)(A), or if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C).

In determining whether hours "were reasonably expended, and thus billable," courts consider several factors, including: (1) "the total number of hours reported by each lawyer," (2) "the hours allotted to specific tasks," (3) "whether those tasks would normally be billed to a paying client," and (4) "the potential duplication of services, particularly where multiple lawyers are involved." *Bunn v. Bowen*, 637 F. Supp. 464, 469-70 (E.D.N.C. 1986). In addition, courts should consider the complexity of the matter, including whether it presents novel issues of law or fact. *See, e.g.*, *Cruz v. Apfel*, 48 F. Supp. 2d 226, 231 (E.D.N.Y. 1999); *Scott v. Astrue*, 474 F. Supp. 2d 465, 467 (W.D.N.Y. 2007). Courts should also take into account the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (discussing attorneys' fees under 42 U.S.C. § 1988). District courts in the Second Circuit have "broad discretion" to determine whether requested fees are reasonable. *Aston v. Sec'y of Health and Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986), and "have not hesitated ... to award attorney's fees well in excess of the routine twenty to forty hours" when warranted by the specific case. *Hinton v. Sullivan*, No. 84-9276, 1991 WL 123960, at * 5 (S.D.N.Y. July 2, 1991).

The Commissioner concedes in his partial opposition to plaintiff's fee application that

plaintiff is the prevailing party and does not contest plaintiff's assertion that the position of the United States was not substantially justified. Defendant further agrees that plaintiff's counsel is entitled to fees and costs. However, defendant argues that counsel's requested fees are excessive and should be reduced. The Commissioner suggests that this court should not grant plaintiff's counsel the full amount he seeks because the "benchmark" for Social Security matters is twenty to forty hours of billable time, whereas plaintiff's counsel expended almost double that in appealing the Commissioner's determination, and because the case presented no novel or complex issues of law. Plaintiff claims that counsel's fee request is reasonable in light of the level of success achieved and the complexity and novelty of the tasks performed and legal arguments made. Counsel argues that courts regularly grant fee awards in excess of forty hours when a case is particularly fact-intensive, requires review of an unusually long record, or presents new or complicated legal issues.

This court finds that plaintiff's requested fees are reasonable given the non-routine nature of this social security case. *See, e.g.*, *Aston*, 808 F.3d at 11-12 (affirming district court's award of EAJA fees for 200 hours); *Hinton*, 1991 WL 123960, at * 5 (awarding fees for 158.55 hours spent litigating the merits of a social security claim); *DiBenedetto v. Sec'y of Dep't of Health and Human Servs.*, No. 91-cv-2236, 1993 WL 41762, at *6 (E.D.N.Y. Feb. 12, 1993) (awarding EAJA fees for 103.67 hours expended in a social security case). Plaintiff's counsel has requested fees for 76.1 hours of work performed by two attorneys, including 6 hours preparing the instant request for attorneys' fees and 29.4 hours drafting and editing plaintiff's memorandum of law in support of her successful motion for judgment on the pleadings. Plaintiff's brief supporting the motion for judgment on the pleadings was thirty-three pages long, and both made affirmative arguments in support of plaintiff's motion for judgment on the pleadings, and constituted plaintiff's opposition

3

to defendant's motion on the pleadings. The memorandum of law was comprehensive in its analysis of an unusual factual record, and was thorough in its presentation of plaintiff's legal argument. This case, like others involving a child, was far from routine. Plaintiff's counsel's time records are detailed and clear, and indicate that the two attorneys minimized duplication of effort in the production and reviewing of the brief.

In this context, 29.4 hours is a reasonable amount of time to expend drafting a brief in a factually novel and legally complex Social Security case. Counsel's brief was a basis upon which plaintiff's counsel secured a high degree of success for plaintiff—a reversal of the Commissioner's decision as opposed to a remand for judgment. The extent of an attorney's success for a client is "a crucial factor in determining the proper amount of an award of attorney's fees." *Hensley*, 461 U.S. at 439. The remainder of counsel's billed time is appropriate and reasonable, as the Commissioner does not contest.

In light of the above, and in recognition of the success attained and the high quality of counsel's brief, this court grants plaintiff's counsel $12,371.60 in attorneys' fees and costs.

**SO ORDERED.**

_____/s/_____
**NINA GERSHON**
**United States District Judge**

Dated: July 2, 2009
       Brooklyn, New York